■ Twelve Lions Renaissance Corp., Appellant, v 684 Owners Corp., Respondent.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered December 21, 1988, which, *inter alia,* granted defendant's application to confirm that additional roof repairs, required by a prior court order, had been completed; and order of said court (Carol E. Huff, J.), entered on or about May 15, 1989, which denied plaintiff's motion to reargue-renew and for leave to amend its complaint, unanimously affirmed, with costs.

Plaintiff, tenant-shareholder of the defendant cooperative corporation, brought this action in 1985 to void a special assessment. At trial in 1986, the parties entered into a stipulation of settlement, later so ordered by the court and entered as an order, providing, *inter alia,* that the cooperative was to retain a qualified contractor to make the necessary exterior repairs to the roof to stop the leaks into plaintiff's two upper-floor units. Thereafter, in March 1988, the court again directed the cooperative to repair the roof to the extent necessary to stop the leaks, upon a finding that the initial work was unsatisfactory and that the upper-floor units continued to be plagued by leaks. The cooperative retained a contractor, who performed additional work and gave a four-year guarantee. Upon submission of proposed counterorders, the court then signed the cooperative's order providing that the additional, required repairs had been completed.

The parties here have repeatedly charted their own procedural course, waiving any necessity for formal motions in the enforcement of the stipulation of settlement. The court did not err in refusing to hold an evidentiary hearing on the sufficiency of the additional repair work, as plaintiff's papers fail to raise any issue of fact under the material standard set by the stipulation of settlement and subsequent order, to wit, whether the leaks had been stopped. Plaintiff's 1989 motion

for leave to amend to assert causes of action, *inter alia,* for breach of the stipulation of settlement causing damages to its units, was properly denied in the second order appealed from, as plaintiff had requested such damages a year earlier and the court, in its order dated March 31, 1988, had refused to grant that request, and plaintiff never appealed that order. On the 1989 motion, plaintiff failed to provide any sufficient additional material as to the alleged breach of the stipulation of settlement or damages to its units beyond that presented on the 1988 motion, and to allow plaintiff to continue to litigate this matter would gravely prejudice the defendant cooperative. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.